UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

MIKEL RAY,

    Plaintiff,

vs.

UNITED STATES OF AMERICA,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES

The Plaintiff, MIKEL RAY, by and through the undersigned attorneys, sues Defendant, UNITED STATES OF AMERICA and alleges that:

1. The above-captioned lawsuit is one for personal injuries as a result of medical negligence pursuant to the Federal Tort Claims Act, Title 28, USC §§1346(b) and 2675(a).

2. At all times relevant and material to this Complaint, Plaintiff, MIKEL RAY, received medical care and treatment through the Bruce W. Carter Department of Veterans Affairs Medical Center (VA HOSPITAL) in Miami, Florida as that entity was then known.

3. The Bruce W. Carter Department of Veterans Affairs Medical Center (VA HOSPITAL) was at all times relevant and material to this Complaint a federally supported health

1

center pursuant to the Federally Supported Health Center Assistance Act of 1992, 42 U.S.C. §233.

4. Pursuant to 42 U.S.C. §233 the staff of Bruce W. Carter Department of Veterans Affairs Medical Center (VA HOSPITAL) are deemed to be federal employees of the Public Health Service during the time period in which this action arose, and therefore the UNITED STATES OF AMERICA is the proper party defendant.

5. The Plaintiff has complied with all conditions precedent to the bringing of this lawsuit including but not limited to verified delivery of Standard Form 95 to the United States Department of Veterans Affairs on August 31, 2021.

6. MIKEL RAY was a patient of the Bruce W. Carter Department of Veterans Affairs Medical Center (VA HOSPITAL) and was age 66 at the time he underwent a biopsy of the prostate on June 11, 2019. The biopsy revealed extensive high grade cancer. As a result, he subsequently underwent a prostatectomy on September 5, 2019. The prostate pathology from that surgery showed much less extensive and low grade cancer. These findings are inconsistent with the biopsy results of June 11, 2019. The most likely explanation is that the June 11, 2019 biopsy results are for a different patient. The September 5, 2019 post prostatectomy pathology results are indicative of the patient's accurate pathological condition. Mr. Ray's prostate pathological condition in June 2019 more likely than not and within a reasonable degree of medical probability was either the same as on September 5, 2019 or with less extensive cancer. Based on the post prostatectomy pathology, more likely than not and within a reasonable degree

of medical probability Mr. Ray should not have undergone a prostatectomy but should instead have been placed on surveillance protocol. There was a failure to accurately report Mr. Ray's biopsy result from June 11, 2019. These were breaches of the standard of care that resulted in injury to Mr. Ray including but not limited to an unnecessary prostatectomy.

7. At all times material hereto, Bruce W. Carter Department of Veterans Affairs Medical Center (VA HOSPITAL) by and through its agents, servants and/or employees, was required to render medical care and treatment in accordance with the professional standards of care for similar health care providers to the patient, MIKEL RAY.

8. Notwithstanding said duty, Bruce W. Carter Department of Veterans Affairs Medical Center (VA HOSPITAL) was negligent and breached its duties by doing or failing to do one or more of the following acts, by and through its agents, apparent agents, servants and/or employees any sum or all of which were and departures from the prevailing standards of care for similar health care providers:

   a) Negligently and carelessly failed to inform MIKEL RAY, of the risk factors specifically pertinent to his surgical history that would increase a risk for complications;

   b) Negligently and carelessly failed to discuss with MIKEL RAY the alternate therapies and/or surgical options;

   c) Negligently and carelessly failed to properly monitor a life threatening underlying condition which the Defendant had knowledge of;

   d) Negligently and carelessly failed to inform the patient and family of said condition in a timely fashion;

    e)      Negligently and carelessly failed to properly assess the patient's underlying condition;

    f)      Negligently and carelessly failed to perform complete examinations on the patient;

    g)      Negligently and carelessly failed to order proper diagnostic studies;

    h)      Negligently and carelessly failed to follow up in a timely fashion regarding proper diagnostic studies;

    i)      Negligently and carelessly failed to make proper timely intervention for the patient;

    j)      Negligently, carelessly and improperly failed to refer the patient to a duly qualified physician in a timely fashion;

    k)      Negligently and carelessly failed to timely supervise the condition of the patient so that when the patient exhibited symptoms; the appropriate timely measures to timely correct said symptoms could be undertaken;

    l)      Negligently and carelessly failed to properly manage biopsies and pathology results;

    m)      Negligently and careless performed an unnecessary surgery; and

    n)      Negligent and careless acts and/or omissions not yet discovered.

    9.      That as a direct and proximate result of the Bruce W. Carter Department of Veterans Affairs Medical Center (VA HOSPITAL)'s negligence, Plaintiff, MIKEL RAY, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, medical treatment, including surgery, medical expenses. These injuries were either permanent or continuing in nature, and Plaintiff, MIKEL RAY will suffer the losses in the future.

WHEREFORE, Plaintiff, MIKEL RAY, demands judgment against the Defendant, UNITED STATES OF AMERICA for compensatory damages together with lawful costs of this suit, and interest.

Dated this 26th day of August, 2022.

                              **SILVERSTEIN, SILVERSTEIN & SILVERSTEIN, P.A.**

By:    /s/ Gregg A. Silverstein
       Gregg A. Silverstein, Esquire
       Florida Bar No.: 821853
       *Attorneys for Plaintiff*
       20801 Biscayne Boulevard, Suite 504
       Aventura, FL 33180
       Miami Dade: (305) 935-2500
       Facsimile: (305) 935-3214
       Primary Email: gsilverstein@ssspa-law.com
       Secondary Email: pgayle@ssspa-law.com
       Secondary Email: gfresco@ssspa-law.com